## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

MICHAEL L. MCDONALD,   )
         )
   Plaintiff,    )  CIVIL CASE NO:  3:15-cv-03212-B
         )
v.         )
         )
EQUIFAX INC., et al.,    )
         )
   Defendants.   )

### DEFENDANT EQUIFAX INC.'S
### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Equifax Inc., by Counsel, and for its response to Plaintiff's Complaint states as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax Inc. states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax Inc. denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax Inc. responds as follows:

1. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies those allegations.

2. Equifax Inc. admits that it is a Georgia for profit corporation authorized to do business in the State of Texas.  Equifax Inc. is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 2 and all subparts and, therefore, denies those allegations.

3.      Equifax Inc. admits that this Court has jurisdiction over this case.  Equifax Inc. admits that it is authorized to do business in the State of Texas.  Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, denies those allegations.

4.      Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5.      Equifax Inc. denies the allegations in Paragraph 5 that pertain to it.  Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, denies those allegations.

6.      Equifax Inc. denies the allegations in Paragraph 6 that pertain to it.  Equifax Inc. denies that Plaintiff is entitled to declaratory relief against it requested in Paragraph 6.

7.      Equifax Inc. denies the allegations in Paragraph 7 that pertain to it.  Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, denies those allegations.

8.      Equifax Inc. denies the allegations in Paragraph 8 that pertain to it.  Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, therefore, denies those allegations.

9.      Equifax Inc. denies the allegations in Paragraph 9 that pertain to it.

10.     Equifax Inc. is not in possession of documents responsive to Plaintiff's Request for Disclosure under Texas Rule of Civil Procedure No. 194.2.

11.     Equifax Inc. denies that Plaintiff is entitled to the relief requested in his Prayer for Relief on page 4 of his Complaint.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax Inc. pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Equifax Inc. upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax Inc., but by another person or entity for whom or for which Equifax Inc. is not responsible.

## THIRD DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

## FOURTH DEFENSE

Equifax Inc. is not a proper party to this action.

## FIFTH DEFENSE

Equifax Inc. is not a consumer reporting agency as defined by the Fair Credit Reporting Act.

## SIXTH DEFENSE

Equifax Inc. denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

## SEVENTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax Inc. denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same.  Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## EIGHTH DEFENSE

Equifax Inc. reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax Inc. prays that:

(1)	Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)	It be dismissed as a party to this action;

(3)	It receive a trial by jury for all issues so triable; and,

(4)	It recover such other and additional relief as the Court deems just and appropriate.


Respectfully submitted: October 6, 2015.

KING & SPALDING LLP

/s/ Kendall W. Carter
Kendall W. Carter
Texas Bar No. 24091777
kcarter@kslaw.com
1180 Peachtree Street NE
Atlanta, GA 30309
Tel (404) 572-2459

Daniel D. McGuire
L.R. 83.10 Local Counsel

Texas Bar No. 24081282
dmcguire@polsinelli.com
POLSINELLI PC
2950 N. Harwood St., Suite 2100
Dallas, Texas 75201
Tel (214) 661-5580
*Counsel for Equifax Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael McDonald
507 Bost St.
Rockwall, TX 75087

Amanda Loughmiller
Strasburger & Price LLP
2801 Newwork Boulevard
Suite 600
Frisco, TX 75033

Sidney Smith McClung
Jones Day
2727 N. Harwood
Dallas, TX 75201

Dated: October 6, 2015.

                                        */s/ Kendall W. Carter*
                                        Kendall W. Carter